1  James C. Mitchell (SBN 87151)
   Daniel M. Gilleon (SBN 195200)
2  The Gilleon Law Firm
   1320 Columbia Street, Suite 200
3  San Diego, CA 92101
   Tel: 619.702.8623/Fax: 619.702.6337
4  Email: jcm@mglawyers.com

5  Attorneys for Plaintiff Vikram Gill

6

7

8                 UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11  VIKRAM GILL,                      CASE NO.  '15CV0085 H    JLB

12              Plaintiff,            COMPLAINT FOR:
                                      1. Breach Of Contract;
13      vs.                           2. Enforce Lien On Lawsuit Proceeds;
                                         and
14  IKEBAL S. GILL; GOVIND S.         3. Injunction, Injunctive Relief.
    GILL; RANI B. GILL; CUDDY &
15  FEDER, LLP,                       (Jury Trial Requested)

16              Defendants.
    _____
17

18      Plaintiff Vikram Gill alleges:

19                    GENERAL ALLEGATIONS

20      1.    Plaintiff Vikram Gill ("V. Gill") resides in Mecklenburg County, North

21  Carolina.

22      2.    Defendant Ikebal S. Gill ("I. Gill") resides in San Diego County,

23  California.

24      3.    Defendant Govind S. Gill ("G. Gill") resides in Dutchess County, New

25  York; G. Gill is named as a nominal and necessary party solely for the purpose of

26  enforcing V. Gill's assignment of and lien on monies owed by G. Gill to I. Gill under

27  a Stipulation For Settlement, Supreme Court of New York, Dutchess County, Index

28  No. 6616/2007 (the "Stipulation").  No judgment for money, costs or attorneys' fees

is sought from such defendant.

4.     Defendant Rani B. Gill ("R. Gill") resides in San Diego County, California; R. Gill is named as a nominal and necessary party solely for the purpose of enforcing V. Gill's assignment of and lien on monies owed by G. Gill to I. Gill under the Stipulation.  No judgment for money, costs or attorneys' fees is sought from such defendant.

5.     Defendant Cuddy & Feder, LLP is a law firm in the State of New York, a New York limited liability partnership and the attorneys for I. Gill in the New York lawsuit; Cuddy & Feder is named as a nominal and necessary party solely for the purpose of enforcing V. Gill's assignment of and lien on monies owed by G. Gill to I. Gill under the Stipulation.  No judgment for money, costs or attorneys' fees is sought from such defendant.

6.     Jurisdiction is proper in this court under 28 U.S.C. § 1332(a)(1), complete diversity of citizenship between plaintiff and defendants.

7.     Venue is proper in this district under:

a.     28 U.S.C. § 1391(b)(1) because the only defendant who is not a nominal defendant, I. Gill, resides in this district; and

b.     28 U.S.C. § 1391(b)(2) because a substantial part of the events, occurrences or omissions giving rise to this lawsuit occurred in this district.

8.     V. Gill is the son of I. Gill and the nephew of G. Gill, who is I. Gill's brother.  V. Gill is the grandson of R. Gill, who is the mother of I. Gill and G. Gill.

9.     In February 2012, I. Gill was a party to these lawsuits involving the property and trust estate of his mother, R. Gill:

a.     *In re Gill Living Trust Dated February 22, 1990, As Restated June 12, 2001*, San Diego Superior Court Case No. 2008-001505617, that resulted in a May 19, 2011 money judgment by default against I. Gill for $2,262,094.30;

b.     *In re Govind S. Gill, As Guardian of the Property for Rani B. Gill* (and related actions by G. Gill and I. Gill against each other), Supreme Court of

1   New York, County of Dutchess, Index No. 6616/2007;

2           c.   ***I. Gill v. G. Gill***, High Court of Dehli, at New Dehli (India), Case

3   No. CS(OS) No. 2380 of 2010;

4           d.   ***Govind Gill, Successor Trustee of the Gill Living Trust Dated***

5   ***2/22/90 As Restated and Guardian Ad Litem for Rani B. Gill v. Ikebal S. Gill,***

6   ***Shaheen Gill***, United States Bankruptcy Court, Southern District of California,

7   Adversary Proceeding No. 10-90164-LA.  All four legal matters will be referred to,

8   collectively, as the I. Gill Lawsuits.

9           10.   In February 2012, in San Diego County, plaintiff V. Gill and defendant

10  I. Gill entered into a verbal contract (the "Contract").  The Contract was entered into

11  at I. Gill's request.  He asked and V. Gill agreed to assist his father in handling all

12  aspects of the I. Gill Lawsuits, including, but not limited to, advancing some money

13  to pay attorneys' fees and costs, arranging for loans to pay attorneys' fees and costs,

14  gathering and organizing applicable documents and providing them to I. Gill's

15  lawyers, locating and hiring lawyers to represent I. Gill, communicating with I. Gill's

16  lawyers (in California, New York, Washington D.C. and India) and acting in place of

17  his father, I. Gill, to both prosecute and defend matters in the Gill Lawsuits.  In return,

18  I. Gill assigned and agreed to pay to V. Gill 50% of all money recovered by I. Gill by

19  way of settlement or judgment in the I. Gill Lawsuits, in particular, those lawsuits

20  described in paragraphs 8. b., c.

21          11.   Between February 2012 and November 2014, V. Gill performed every

22  obligation he was required to perform under the Contract, except those he was

23  excused or prevented from performing.

24          12.   On December 12, 2013, I. Gill, G. Gill and R. Gill entered into a

25  stipulation placed on the record ***In re Govind S. Gill***, Supreme Court of New York,

26  Dutchess County, Index No. 6616/2007, that settled the I. Gill Lawsuits.  This

27  settlement was put into writing through the Stipulation dated November 6, 2014, a

28  true and correct copy of which is attached as Exhibit 1.  Under the Stipulation, G. Gill

***Gill v. Gill, et al.***, Case No. _____
Complaint

agreed to pay I. Gill $4,100,000 as follows:

      a.     Paragraph 7, upon the New York Supreme Court signing the Stipulation as the order of the court, $100,000 care of Cuddy & Feder, LLP IOLA Trust Account, which money was paid; and

      b.     Paragraphs 9 and 15, on that date nine months from the date the court signed the Stipulation as the order of the court, or around early August, 2015, $2,000,000 to I. Gill care of Cuddy & Feder, LLP IOLA Trust Account and $2,000,000 in U.S. dollars or India rupees to I. Gill.

13.    Under the settlement of the I. Gill Lawsuits through the Stipulation, I. Gill was obligated under the Contract to pay V. Gill 50% of the $4,100,000 agreed to be paid by G. Gill to I. Gill to settle the lawsuits, or $2,050,000.

14.    In September 2014, I. Gill told V. Gill he would not be paying any part of the $4,100,000 settlement money to V. Gill.   He did not pay V. Gill the $50,000 V. Gill was owed from the $100,000 paid by G. Gill to I. Gill.  I. Gill has further refused to acknowledge he will pay V. Gill any portion of the money owed to him under the Stipulation that settled the I. Gill Lawsuits.

### FIRST CLAIM
### (Breach Of Contract Against Defendant Ikebal S. Gill)

15.    V. Gill realleges paragraphs 1 through 14.

16.    I. Gill breached the Contract by the acts described in paragraph 14.

17.    As a legal result and natural consequence of I. Gill's breaching the Contract, V. Gill has been damaged in the amount of $2,050,000 with prejudgment interest if allowed by law.

### SECOND CLAIM
### (Enforcement Of Lien On I. Gill Lawsuits Proceeds
### Against Defendant Ikebal S. Gill)

18.    V. Gill realleges paragraphs 1 through 17.

19.    The assignment by I. Gill to V. Gill of 50% of the monies to be recovered by I. Gill from the I. Gill Lawsuits created a contractual lien in favor of V. Gill on

1   such potential recovery under California Civil Code § 2881.  Such contractual lien

2   was perfected under California Civil Code § 2883(a) through the Stipulation for I. Gill

3   to be paid $4,100,000 to settle the I. Gill Lawsuits.

4        20.    V. Gill is entitled to a contractual lien on 50% of the $4,100,000 to be

5   paid by G. Gill to I. Gill under the Stipulation that settled the I. Gill Lawsuits, or the

6   amount of $2,050,000.

7                          **THIRD CLAIM**
                **(Injunction To Enforce Assignment Of And Lien**
8        **On G. Gill Lawsuits Proceeds Against All Defendants)**

9        21.    V. Gill realleges paragraphs 1 through 20.

10       22.    The due date for G. Gill to pay I. Gill the remaining $4,000,000 due

11   under the Stipulation, of which $2,050,000 is owed to V. Gill under the Contract and

12   assignment to him of these I. Gill Lawsuits proceeds by I. Gill, is around early August

13   2015.   If the $4,000,000 is paid on such date as required by the Stipulation,

14   $2,000,000 directly to I. Gill and $2,000,000 to him care of his lawyers, Cuddy &

15   Feder's IOLA Trust Account (presumably to then be paid to I. Gill),V. Gill will be

16   unable to enforce the assignment of such monies to him and/or the contractual lien in

17   his favor on such monies and such remedies will be irretrievably lost to V. Gill and

18   he will suffer irreparable harm.

19       23.    V. Gill has no plain, speedy or adequate remedy at law to enforce the

20   assignment of and contractual lien on the $2,050,000 of the I. Gill Lawsuits settlement

21   proceeds owed to him.

22       24.    V. Gill is entitled to provisional relief in the form of a preliminary

23   injunction ordering G. Gill to either pay $2,050,000 to the Cuddy & Feder IOLA Trust

24   Account under paragraphs 9 and 15 of the Stipulation and for Cuddy & Feder to hold

25   such monies in their IOLA Trust Account pending a court order on this lawsuit, or

26   alternatively, for G. Gill to deposit the $2,050,000 into this court under FRCP Rule

27   67 pending a court order.

28       25.    G. Gill and R. Gill are named as nominal but necessary parties to this

*Gill v. Gill, et al.*, Case No. _____
Complaint

claim for injunctive relief because they are parties to the Stipulation for settlement of the I. Gill Lawsuits and G. Gill is obligated, under the Stipulation, to pay $2,000,000 directly to I. Gill and $2,000,000 to I. Gill's lawyers, Cuddy & Feder IOLA Trust Account.   Cuddy & Feder is named as a nominal but necessary party because $2,000,000 of the settlement proceeds under the Stipulation due to I. Gill is to be paid to the law firm's IOLA Trust Account for I. Gill's benefit.  Therefore, such defendants are necessary parties for purposes of V. Gill obtaining the injunctive relief he has requested to enforce the assignment of and contractual lien on the I. Gill Lawsuits settlement proceeds due to V. Gill under the Stipulation, $2,050,000.

## JURY REQUEST

26.    V. Gill requests a trial by jury.

## REQUEST FOR RELIEF

THEREFORE, plaintiff Vikram Gill requests a judgment against defendants Ikebal S. Gill, Govind S. Gill, Rani B. Gill and Cuddy & Feder, LLP for:

a.    The sum of $2,050,000 against defendant Ikebal S. Gill, together with prejudgment interest if allowed by law;

b.    A contractual lien of $2,050,000 on monies owed to defendant Ikebal S. Gill under the Stipulation;

c.    Preliminary and permanent injunctions against defendants as requested in paragraph 24;

d.    Costs of suit against Ikebal S. Gill; and

e.    Any other proper relief.

Dated: January 15, 2015                      The Gilleon Law Firm

                                             /s/ James C. Mitchell
                                             James C. Mitchell, Attorneys for
                                             Plaintiff Vikram Gill

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
------------------------------------------------------------------X

In the Matter of the Application of
GOVIND S. GILL

As Guardian of the Property for

RANI B. GILL

Person in Need of Guardian

------------------------------------------------------------------X

STIPULATION OF SETTLEMENT

Index No. 6616/07

THIS STIPULATION OF SETTLEMENT ("Stipulation") made and entered into this

6 day of ~~October,~~ *November* 2014, by and between RANI B. GILL, residing at 754 Bonita Drive,

Encinitas, CA 92024, GOVIND S. GILL, residing at 273 Mill Road, Rhinebeck, New York,

12572, and IKEBAL S. GILL, residing at House 149, Sector 27- A, Chamdigarth 160019, India

(each a "Party" and collectively the "Parties".)

WITNESSETH:

WHEREAS, GOVIND S. GILL is the guardian of the property of his mother RANI B.

GILL, Person in Need of Guardian, having been appointed by the Judgment of the Supreme

Court of Dutchess County dated January 7, 2008; and

WHEREAS, RANI B. GILL, said Person in Need of Guardian, is the mother of the

other Parties to this Stipulation; and

WHEREAS, GOVIND S. GILL is the fiduciary for RANI B. GILL and a trustee of the

RANI B. GILL Living Trust; and

WHEREAS, certain legal actions have been commenced by GOVIND S. GILL, as

fiduciary for RANI B. GILL, against IKEBAL S. GILL for monies owed by IKEBAL S. GILL

to RANI B. GILL and/or RANI B. GILL Living Trust with a judgment thereupon entered in the

Superior Court of the State of California for the County of San Diego, Case No. 37-2008-

00150617-PR-OP-NC (hereinafter referred to as the "California Judgment and Related Liens");

C&R: 2428456.17

Ex. 1  000001

and

WHEREAS, RANI B. GILL, on or about March 12, 2010, transferred by gift deed certain real property in India located at B-2 West End, New Delhi, exclusively to her son GOVIND S. GILL (hereinafter referred to as the "India Property"); and

WHEREAS, legal actions have been commenced by IKEBAL S. GILL in this Court (Index No. 6616/2007) and in India ((OS) No. 2380 of 2010 before the Delhi High Court), to set aside the gift and transfer of the India Property to GOVIND S. GILL ("India Property Matters"), and

WHEREAS, legal actions have been commenced by IKEBAL S. GILL in this proceeding (Supreme Court of New York, Dutchess County) in connection with GOVIND S. GILL, individually and as Guardian of the Property of RANI B. GILL (Index No. 6616/2007) ("Govind Gill Guardianship Matters"), and

WHEREAS, on December 12, 2013, the Parties entered into a Stipulation on the Record (the "December 12 Stipulation") before James D. Pagones, Acting Justice of the Supreme Court of the State of New York, County of Dutchess ("December 12 Stipulation"), whereby the Parties agreed to "globally" settle all matters relating to the: (a) Govind Gill Guardianship Matters, (b) India Property Matters; (c) California Judgment and Related Liens Matters; and (d) IKEBAL S. Gill's interests, and claims thereon, in the RANI B. GILL Living Trust, and the Estate of RANI B. GILL ("Estate Matters") (all matters in this recital section collectively the settlement "Subject Matter" and collectively "Pending Legal Matters"), and

WHEREAS, each Party having been advised by their counsel that they had the right to proceed with a hearing and/or trial of this and other matters, and

WHEREAS, pursuant to the terms of the December 12 Stipulation, RANI B. GILL, GOVIND S. GILL, and IKEBAL S. GILL hereby enter into this Stipulation in furtherance of the December 12 Stipulation and to more comprehensively set forth their respective financial and property rights and remedies, privileges and obligations in connection with the Subject

C&P: 2428456.17

2

Matters therein, and

WHEREAS, each Party represents and warrants that he/she has carefully read this entire Stipulation, has had it explained by his/her own legal counsel of their choice, and now fully understands all the terms, covenants, conditions, provisions and obligations incumbent upon each of them by virtue of this Stipulation to be performed or contemplated by each of them hereunder, and

WHEREAS, each Party represents and warrants to the other that he/she is entering into this Stipulation of his own free will, without being forced, coerced or being under undue influence or under duress of whatever nature when executing the Stipulation.

WHEREAS, it is understood and agreed by the Parties that this settlement is a compromise made in furtherance of the wishes of the Parties, and that payment of the consideration for this SETTLEMENT shall not be deemed or construed as an admission of liability by the person/s released by whom liability is expressly denied; and

NOW, THEREFORE, in consideration of the foregoing and of the mutual promises and undertakings herein set forth, it is hereby agreed by and between the Parties as follows:

1. IKEBAL S. GILL his successors, heirs and assigns, relinquishes all his personal and individual interest, and any interest arising out of his interest through inheritance and/or succession, past, present, and future, if any, in current assets, assets previously transferred by PADAM S. GILL and/or RANI B. GILL, and the estate of RANI B. GILL and/or the estate of PADAM S. GILL, both during lifetime and upon passing, including any assets transferred by either PADAM S. GILL or RANI B. GILL prior to death and assets which transfer by operation of law, Will, Trust, joint tenancy or otherwise. IKEBAL S. GILL, his successors, heirs and assigns, relinquish his right to object to the action or actions of GOVIND S. GILL in any position in relation to RANI B. GILL, including as acting as Guardian, Executor, Trustee or any other fiduciary position, PROVIDED HOWEVER, that this Release does not release or in any way affect the rights, remedies and obligations of the Parties created by this Stipulation.

C&F: 2428456.17

3

2.     With respect to the Subject Matter hereof, including but not limited to, current assets, assets previously transferred by PADAM S. GILL and/or RANI B. GILL and/or the estate of PADAM S. GILL and/or the estate of RANI B. GILL, both during their lifetime or upon their passing, including any assets transferred by either PADAM S. GILL or RANI B. GILL prior to their deaths and assets which transfer by operation of law, Will, Trust, joint tenancy or otherwise, or any property transferring through THE GILL LIVING TRUST or the actions or inactions of GOVIND S. GILL as Guardian, Trustee, Executor or any other fiduciary position, the Parties, individually, as fiduciaries and in any other capacity, do hereby release each other, and their heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, whether known or unknown, which against each Party, their heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Stipulation, PROVIDED HOWEVER, that this Release does not release or in any way affect the rights, remedies and obligations of the Parties created by this Stipulation.

3.     Each Party shall withdraw or cause to have withdrawn all Pending Legal Matters, including without limitation, current legal actions, lawsuits, or any other legal proceedings in all jurisdictions commenced by any Party (or representative thereof), involving or against another Party in any capacity.

4.     Each Party warrants and represents to each other that to this date they have not otherwise encumbered, or caused to become encumbered, or know of any encumbrance, and will not hereafter encumber, the India Property in any way or manner, directly or indirectly, except to the extent of the security interest in the India Property in favor of IKEBAL S. GILL as set forth in Paragraph 12 below and as otherwise provided herein, provided however, that GOVIND S.

C&F: 2428456.17

4

GILL shall be entitled to obtain a loan to satisfy his payment obligations owed to IKEBAL S. GILL hereunder, so long as no mortgage, encumbrance or lien of any nature or kind in connection with said loan is filed against or encumbers the India Property until IKEBAL S. GILL has first received all payments due him hereunder. Any mortgage, lien or encumbrance hereafter placed against the India Property in violation of this Paragraph shall be of no force or affect, and shall be deemed void in all respects. It is anticipated by the parties that GOVIND S. GILL will secure financing on the India Property to satisfy his obligations hereunder.

5.     GOVIND S. GILL shall make the payments to IKEBAL S. GILL in the manner prescribed below in consideration of paragraphs 1 through 4 above, and in consideration of the mutual promises and undertakings herein set forth, and in full satisfaction of any and all rights that IKEBAL S. GILL, his successors, heirs and assigns may have, or may have had in IKEBAL S. GILL's past, present or future assets of RANI B. GILL, both during her lifetime and upon her passing, including but not limited to the India Property of which, as set forth above, GOVIND S. GILL is now the sole lawful owner, subject to the secured interest of IKEBAL S. GILL set forth herein.

6.     Simultaneously with the execution of this Stipulation, the Parties shall execute the Joint Application and further, upon the execution of this Stipulation, or as soon thereafter as possible under India laws and procedures, GOVIND S. GILL, IKEBAL S. GILL and RANI B. GILL shall file a Joint Application in Civil Suit (OS) No. 2380 of 2010 before the Delhi High Court (in India) (the "Joint Application"). Said Joint Application shall include the Affidavit of IKEBAL S. GILL (which, together with the Joint Application, is attached hereto as Exhibit "A," and which Affidavit IKEBAL S. GILL shall execute and deliver to counsel for GOVIND S. GILL simultaneously with the execution of this Stipulation), stating that IKEBAL S. GILL, his heirs, successors and assigns, has no objection to the Gift Deed dated 12 March 2010, executed by RANI B. GILL in favor of GOVIND S. GILL with respect to the India Property and IKEBAL S. GILL withdraws any suit in India objecting to the deed.

C&P; 2428456.17

5

7.     Upon this Stipulation being So Ordered by the Dutchess County Supreme Court, GOVIND S. GILL shall pay IKEBAL S. GILL the sum of one hundred thousand ($100,000.00) US dollars by bank check, or wire transfer to the following account (the "Account"):Cuddy & Feder LLP

      445 Hamilton Avenue
      White Plains, NY 10601

      Cuddy & Feder LLP
      IOLA Account
      JP Morgan Chase Bank
      235 Main Street
      White Plains, NY 10601

      Account No. 5321557935
      ABA 021000021
      SWIFT Code: CHASUS33 (International Wire)

8.     Within nine (9) months of this Stipulation So Ordered by the Dutchess County Supreme Court, GOVIND S. GILL shall pay IKEBAL S. GILL the sum four million ($4,000,000.00) dollars by one or more bank checks or wire transfers, in accordance with the procedures set forth in paragraph 15 below.

9.     Except as otherwise set forth in this Stipulation, in the event that GOVIND S. GILL fails to timely: (1) make a payment to IKEBAL S. GILL of the one hundred thousand ($100,000) dollars as set forth in Paragraph 7 above, or (2) make payment to IKEBAL S. GILL of the four million ($4,000,000.00) dollars within the nine (9) month period as set forth in paragraph 8 above, then the total amount owed by GOVIND S. GILL to IKEBAL S. GILL shall increase from $4,100,000.00 to $4,500,000.00 (which shall be paid in accordance with the procedures set forth in paragraph 15 below), less any payments that have been received by IKEBAL S. GILL on account of the $4,100,000.00 that would have otherwise been owed pursuant to Paragraphs 7 and 8 above.

10.    In the event GOVIND S. GILL shall fail to timely make the payments due under paragraphs 7, 8 or 9 above, GOVIND S. GILL shall have fifteen (15) months from this

C&F: 2428456.17

6

Stipulation So Ordered by the Dutchess County Supreme Court to make payments by one or more wire transfers or bank checks of the four million five hundred thousand ($4,500,000.00) dollars to IKEBAL S. GILL (in accordance with the procedures set forth in paragraph 15 below), less any payments that have been received by IKEBAL S. GILL on account of the $4,100,000.00 that would have otherwise been owed pursuant to Paragraphs 7, 8 and 9 above.

11.    In the event of a default by GOVIND S. GILL of the obligations set forth in Paragraph 10 above, IKEBAL S. GILL shall have a confessed judgment against GOVIND S. GILL in the amount equal to one hundred and fifty (150%) percent of the outstanding balance due under paragraphs 7, 8 and 9 above.  In the event GOVIND S. GILL fails to make full payment under Paragraph 10 above after having been given fifteen (15) days written notice thereof (delivered by Federal Express to Stephen E. Diamond, Esq., Stenger, Robert, Davis & Diamond, 1136 Route 9, Wappingers Falls, NY 12560), IKEBAL S. GILL shall be authorized, upon approval of the Court, to enter judgment against GOVIND S. GILL, in an amount equal to one hundred and fifty (150%) percent of the then balance due under paragraphs 7, 8 and 9 above. The confessed judgment shall be memorialized by an Affidavit of Confession of Judgment in the form annexed hereto as Exhibit "B", which GOVIND S. GILL shall execute simultaneously upon execution of this Stipulation and deliver to Stenger, Roberts, Davis & Diamond, LLP, 1136 Route 9, Wappingers Falls, NY 12590, to be held in escrow, and delivered to Cuddy & Feder LLP for entry by the Clerk of the Court only upon an uncured default of the obligations set forth in paragraph 10 above.

12.    IKEBAL S. GILL shall, upon execution of this Stipulation, also receive a secured first position interest in the otherwise unencumbered India Property in the amount of six million seven hundred fifty thousand ($6,750,000.00) U.S. Dollars, which Stipulation shall include the financial arrangement set forth herein.  In the event of a default as set forth in Paragraph 10 above, IKEBAL S. GILL shall be entitled to proceed without opposition against the India Property to the full extent of an amount equal to one hundred and fifty (150%) percent of the

C&F: 2428456.17

Ex. 1  000007

then outstanding balance due under paragraphs 7, 8 and 9 above and to the fullest extent permissible under India law, including, but not limited to, perfection, securitization, lien, foreclosure, and sale, etc. of the India Property. Said lien and secured interest shall be discharged and removed by IKEBAL S. GILL simultaneously upon written notice (by facsimile and email) being given from Cuddy & Feder LLP to Stenger, Roberts, Davis & Diamond, LLP of the receipt and clearance of payment in full, which written notice by Cuddy & Feder LLP shall be given simultaneously upon receipt and clearance of said payment in full.  Notwithstanding anything above to the contrary, IKEBAL S. GILL agrees that prior to any enforcement (after entry by the Clerk of the Court) of the Affidavit of Confession of Judgment referenced in paragraph 11 above, he shall first resort to enforcement of his secured interest rights against the India Property; and only if resorting to his rights against the India Property do not satisfy the payment obligations owed to him by GOVIND S. GILL hereunder, shall IKEBAL S. GILL be entitled to take any and all steps to enforce the previously entered Confession of Judgment.   IKEBAL S. GILL shall execute a "deed of release" of the security interest in the form set forth as Exhibit "C" hereto, which "deed of release" shall be held in escrow by Stephen E. Diamond, Esq., Stenger, Roberts, Davis & Diamond, LLP, 1136 Route 9, Wappingers Falls, NY 12560.   Simultaneously upon written confirmation (by email and facsimile) from Cuddy & Feder LLP to Stenger Roberts, Davis & Diamond, LLP of the satisfaction of the obligations due IKEBAL S. GILL hereunder, which written confirmation by Cuddy & Feder LLP shall be given simultaneously upon receipt and clearance of the satisfaction of said obligations, Stenger, Roberts, Davis & Diamond, LLP shall release the "deed of release" of the security interest to or for the benefit of GOVIND S. GILL.

13.     Upon the Stipulation being So Ordered by the Dutchess County Supreme Court, GOVIND S. GILL AND RANI B. GILL shall fully release and discharge IKEBAL S. GILL from the California Judgment Lien, in full accord and satisfaction, and shall take all necessary steps to effectuate the filing of such in all appropriate courts.   Simultaneously upon execution of this Stipulation of Settlement GOVIND S. GILL AND RANI B. GILL shall execute and deliver to counsel for IKEBAL S. GILL, the Acknowledgement of Satisfaction of Judgment in the form

C&F: 2428456.17

8

annexed hereto as Exhibit "D." Further, to the extent there are any abstracts of judgment, writs of execution or other filings which reflect the existence of a judgment, lien or claim against IKEBAL S. GILL, GOVIND S. GILL AND/OR RANI B. GILL will take those steps necessary to ensure that all public records reflect the complete satisfaction of any and all claims/judgments against IKEBAL S. GILL. GOVIND S. GILL shall not be responsible for any non-government reporting of the existence of the California judgment lien.

14.   The Parties agree that simultaneously with the "so ordering" of this Stipulation, the Court shall execute an Order confirming nunc pro tunc the transfer of the India Property by gift deed to GOVIND S. GILL by RANI B. GILL dated and effective March 12, 2010, and the Amendments to the Gill Living Trust, dated July 22, 2008.

15.   No less than fifty (50%) percent of the amounts required to be paid to IKEBAL S. GILL pursuant to paragraphs 8 and 9 above, whichever may be applicable, shall be paid in U.S. Dollars, and either wired to the Account or paid via one or more bank checks and delivered to Cuddy & Feder LLP, 445 Hamilton Avenue, 14th Floor, White Plains, NY 10601 (attention Joshua E. Kimerling, Esq.). Cuddy & Feder LLP shall provide a receipt of payment to Stenger, Roberts, Davis & Diamond, LLP, 1136 Route 9, Wappingers Falls, NY 12590 and Govind S. Gill, c/o Stenger, Roberts, Davis & Diamond, LLP , 1136 Route 9, Wappingers Falls, NY 12590, within one (1) business day of the wire transfer or bank check being deposited into its account and clearing. The balance of the amounts required to be paid to IKEBAL S. GILL pursuant to paragraphs 8 and 9 above, whichever may be applicable, can be paid by GOVIND S. GILL in U.S. Dollars or India Rupees, by one or more bank checks (and delivered to IKEBAL S. GILL c/o Vedanta Varma, Managing Partner, Vedanta Varma & Associates, 100 South Extension Plaza I, 389, Masjid Moth NDSE Part II, New Delhi 110049), or by wire transfers to the following account of IKEBAL S. GILL:

C&F: 2428456.17

9

Name :-      Ikebal Singh Gill
Account No.   50100015089101
Bank Name:-  HDFC Bank Ltd.
Bank Address :S.C.O. 371-372, Sector 35- B , Chandigarh. Pin 160022
IFSC Code :-  HDFC0000035

To the extent that any portion of the amounts due IKEBAL S. GILL are paid by GOVIND S.

GILL, in Indian rupees, the amount of such rupees shall be that number as shall equal the amount

of U.S. dollars (as determined on the date of receipt of such rupee payment, by the exchange rate

published that day in the business section of the New York Times), for which such rupee

payment is intended to be the equivalent.

    16.    Each Party shall be solely and individually responsible for his or her federal, state,

local, foreign taxes, tax liabilities, or tax consequences, if any, that may in any manner relate to

this Stipulated Settlement, the Pending Legal Matters, and the Subject Matter herein.

    17.    In the event a Party violates the terms of this Stipulation or shall act in a manner

contrary to this Stipulation and the other Party(s) bring legal proceedings to enforce compliance

by the violating party(s), the violating party(s) shall be responsible for all expenses incurred in

the enforcement, including reasonable legal fees.  The Parties agree that this Court shall retain

the jurisdiction to resolve any dispute arising out of the terms or enforcement of this Stipulation.

    18.    This Stipulation as reflective of the principal terms, conditions, and the intent of

the December 12, 2013 Stipulation and together contain the entire understanding between the

Parties hereto. In the event of any conflict between the December 12, 2013 Stipulation and this

Stipulation of Settlement, this Stipulation of Settlement shall control and take precedence. This

Stipulation is executed without reliance on any representations of any person concerning the

nature or extent of injuries, damages or legal liabilities, therefore, the undersigned have carefully

read and understand the contents of this Stipulation of Settlement and sign the same as their own

C&P: 2428456.17

10

free act.

19.   . This Stipulation of Settlement integrates and embodies all understandings and agreements between the parties hereto in connection with the subject matter hereof and merges and supersedes any other agreements, whether oral or written, with respect thereto.

20.   This Stipulation has been prepared after negotiations between the Parties, and if any ambiguity is contained herein, then in resolving said ambiguity, no weight shall be given in favor or against either party solely on account of its drafting of this Stipulation.

21.   This Stipulation may be executed in any number of counterparts, each of which shall be deemed an original, and all of which counterparts shall together constitute a single Stipulation.  Facsimile signatures shall be fully effective as if in original ink.

22.   All "Whereas" clauses are incorporated in the numbered paragraphs of this Stipulation.

23.   The Parties agree that this Stipulation shall be submitted to the Court to be "So Ordered," but shall be fully enforceable and binding on the Parties even in the absence of being "So Ordered."

24.   The Court has determined that the purpose for which the Guardianship herein was established has been satisfied and accomplished, and this Court having found no wrongdoing on the part of the Guardian, therefore, the Guardianship is hereby terminated immediately in all respects, and Govind S. Gill is released as Guardian.

25.   It is the intent of the Parties hereto that this Stipulation and Order shall constitute a determination on the merits for *res judicata* and issue preclusion purposes, and the settlement and discontinuance of this proceeding shall be deemed to be with prejudice and shall have full *res judicata* and issue preclusion effect on all issues and claims that were, our could have been, raised herein, such that all such claims and issues that were or could have been raised herein

11

C&P 2428456.17

shall be deemed to be released in all respects. This paragraph shall be interpreted in the broadest possible fashion for the purpose of serving as an absolute bar to any further litigation of the issues and claims that were, or could have been, raised herein.

In Witness Whereof, the parties hereto have caused this Stipulation of Settlement to be executed as of the 6 day of October, 2014. _November_

_____
GOVIND S. GILL

_____
IKEBAL S. GILL

_____
RANI B. GILL

SO ORDERED ON THIS ___ DAY OF OCTOBER, 2014 _NOVEMBER_

_____
Hon. James D. Pagones, A.J.S.C.

C&F: 2428456.17

Ex. 1  000012

STATE OF NEW YORK

           ) ss.:

COUNTY OF DUTCHESS

On ~~October~~ _November_ 6 , 2014, before me, the undersigned, personally appeared GOVIND S. GILL, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                           NOTARY PUBLIC

STEPHEN E. DIAMOND
Notary Public, State of New York
Reg. #02-DI4815268
Qualified in Dutchess County
Commission Expires August 31, 20_18_

STATE OF ~~NEW YORK~~ _North Carolina_

           ) ss.:

COUNTY OF ~~DUTCHESS~~ _Iredell_

On October 7 , 2014, before me, the undersigned, personally appeared IKEBAL S. GILL, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                           NOTARY PUBLIC

Darrin F. Downey
Notary Public
Iredell County, NC
My Commission Expires Sep 23, 2017

STATE OF _New York_

           ) ss.:

COUNTY OF _Dutchess_

On ~~October~~ _November_ 6 , 2014, before me, the undersigned, personally appeared RANI B.GILL, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                           NOTARY PUBLIC

SUSAN SULLIVAN BISCEGLIA
Notary Public, State of New York
No. 02SU6164335
Qualified in Dutchess County
Commission Expires April 16, 20_15_

13

C&F:2428455.17

**EXHIBIT A**

IN THE HON'BLE HIGH COURT OF DELHI AT NEW DELHI

I.A. No. _____ of 2014

IN

CIVIL SUIT (OS) No. 2380 of 2010

<u>IN THE MATTER OF:</u>

IKE S. GILL                                  ...PLAINTIFF

VERSUS

GOVIND S. GILL                        ...DEFENDANTS
(Defendant No.1)

Rani B. Gill
(Defendant No.2)

<u>JOINT APPLICATION ON BEHALF OF THE PARTIES FOR
PLACING ON RECORD CERTAIN FACTS AND FOR
WITHDRAWAL OF SUIT.</u>

1.    The abovementioned suit was filed by the Plaintiff, Ike S. Gill
      (also known as Ikebal S. Gill) seeking a declaration that the Gift
      Deed dated 12.3.2010 made by the Defendant No. 2 in favour of
      the Defendant No. 1 is null and void. The said Gift Deed is in
      respect of the property situated at B-2, West End Colony, New
      Delhi (hereinafter referred to as "India Property").

2.    The Plaintiff had also filed an Interim Application being I.A. No.
      1082 of 2012, seeking an ad interim injunction to restrain the
      defendants from seeking/ effecting registration of any Gift Deed
      with respect to the India Property. This Application was

CAR:2451493.6
1

disposed of by order dated 18.5.2012 and the Sub-Registrar –
IX, Govt. of NCT of Delhi, Old Terminal Tax Building, Kapashera,
New Delhi – 17 was allowed to exercise his discretion to
register the Gift Deed dated 12.3.2010 in accordance with Law.

3.   Subsequently, the Gift Deed was duly registered on 2nd August,
2012 at New Delhi by the Sub-Registrar-IX, Government of NCT
New Delhi.

4.   The parties to the present suit have now settled their disputes
and have entered into a Stipulation of Settlement dated as of
September 25, 2014, in USA (hereinafter the "Settlement
Agreement").  This Settlement Agreement includes the India
Property. In furtherance of the aforesaid Settlement Agreement,
the parties are filing the present Application to place these and
other relevant facts on record. A true and certified copy of the
Settlement Agreement is annexed hereto and marked as
**Annexure – B.**

5.   Under the Settlement Agreement, the parties have agreed to
withdraw all pending legal matters, current legal actions, law
suits and legal proceedings in all jurisdictions including the
present suit in India.

6.   Under the Settlement Agreement, Defendant No. 1 will pay four
million one hundred ($4,100,000.00US) dollars within the nine (9)

C&P:2451603.5

2

month period as set forth in paragraph 8 of the Settlement Agreement, failing which the total amount owed by GOVIND S. GILL to IKEBAL S. GILL shall increase from $4,100,000.00US to $4,500,000.00US. In the event of a default by GOVIND S. GILL of the obligations set forth herein, GOVIND S. GILL shall owe IKEBAL S. GILL the amount equal to one hundred and fifty (150%) percent of the outstanding balance due hereunder up to 6.75 Million US$. In addition, under the Settlement Agreement, Plaintiff is to receive a secured first position interest in the India Property in the amount of $6.75 Million US$, in terms of paragraph 12 of the Settlement Agreement.

7.    The Plaintiff has further agreed that he has no objection to the Gift Deed dated 12.3.2010 executed by Defendant No. 2 in favour of Defendant No. 1 and agrees to abide by the same. Furthermore, the Plaintiff undertakes and assures this Hon'ble Court that neither he nor any of his heirs, successors or assigns shall dispute the validity of the Gift Deed and shall not challenge the same before any forum now or in the future.

8.    However, the Settlement Agreement records that if the Defendant No. 1 fails to make the payment in terms of the Settlement Agreement, the Plaintiff will be entitled to proceed against the India Property to the extent of the unpaid amount under the Settlement Agreement.

9.     In view of the Settlement Agreement arrived at between parties

to   the   present   suit   and   as   recorded   in   the   Settlement

Agreement, the Plaintiff wishes to withdraw the present suit.

## PRAYER

In view of the aforesaid, it is most respectfully prayed that this

Hon'ble Court may be pleased to:

(i) permit the Plaintiff to withdraw the present suit in terms of

Settlement Agreement dated _____ and

(ii) pass any other order as this Hon'ble Court may deem fit.


                                        IKE S. GILL
                                        (Plaintiff)


                                         GOVIND GILL
                                        (Defendant No.1)


                                         RANI B. GILL
                                        (Defendant No.2)


O:\Guardianship\Gill\Joint Application\8-14-14 Joint Application.docx

Ex. 1  000018

IN THE HIGH COURT OF DELHI AT NEW DELHI

CS (OS) No. 2380 of 2010

IN THE MATTER OF:

SH. IKE S. GILL                                    .. PLAINTIFF

VERSUS

SH. GOVIND S. GILL & ANR.                          ... DEFENDANTS

### AFFIDAVIT

I, Ike S. Gill S/o AIR CMDE Padam Singh Gill, resident of H. NO. 149, Sector-27-A, Chandigarh, presently at New Delhi, do hereby solemnly affirm and state as under:-

1. That I am the Plaintiff in the above said matter and fully aware and as such I am fully competent to swear this affidavit.

2. I say that the accompanying Application has been drafted by my Counsel under my instructions and no part of it is false and nothing material has been concealed therefrom.

3. The parties to the present suit have now settled their disputes and have entered into a Stipulation of Settlement dated as of October ___, 2014, in USA (hereinafter the "Settlement Agreement").

4. As part of the Settlement Agreement, the Plaintiff has agreed that he has no objection to the Gift Deed dated 12.3.2010 executed by Defendant No. 2 in favour of Defendant No. 1 in respect of property situated at B-2, West End Colony, New Delhi and agrees to abide by the same. Furthermore, the Plaintiff undertakes and

GAP-2300263

Ex. 1  000019

assures this Hon'ble Court that neither he nor any of his heirs, successor or assigns shall dispute the validity of the said Gift Deed and shall not challenge the same before any forum now or in the future.

5. However, the Settlement Agreement records that if the Defendant No. 1 fails to make the payment required by the Settlement Agreement, the Plaintiff will be entitled to proceed against the India Property to the extent of the unpaid amount under the Settlement Agreement.

DEPONENT

VERIFICATION

I, the above named deponent do hereby verify that the contents of the above affidavit are true and correct to my knowledge, no part of it is false and nothing material has been concealed therefrom.

Verified at New Delhi on this the _____ day of _____, 2014.

DEPONENT

C&P, 2597006.3

**EXHIBIT B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
------------------------------------------------------------X

IKEBAL S. GILL,

                  Plaintiff,

        -against-

GOVIND S. GILL,

                 Defendant.

------------------------------------------------------------X

**AFFIDAVIT OF**
**CONFESSION**
**OF JUDGMENT**

Index No.

STATE OF NEW YORK  )
                  )ss.:
COUNTY OF DUTCHESS  )

        GOVIND S. GILL, being duly sworn, deposes and says as follows:

        1.    I am an individual Defendant in the above-captioned action, and I am fully authorized to and hereby voluntarily and knowingly execute this Affidavit of Confession of Judgment on my behalf.

        2.    I hereby confess judgment herein against me, Govind S. Gill, in favor of Ikebal S. Gill, c/o Cuddy & Feder LLP, 445 Hamilton Avenue, 14th Floor, White Plains, NY 10601, and authorize entry thereof in the principal sum of Six Million Seven Hundred Fifty Thousand Dollars and no cents ($6,750,000.00), less any amounts paid by me to Ikebal S. Gill ("Judgment Amount"), pursuant to a Stipulation of Settlement entered into between the parties, dated September __, 2014 (the "Agreement"), in the action in this Court having Index No. 6616-2007, which Judgment Amount I hereby authorize to be verified by counsel for Ikebal S. Gill in an Affirmation which may be filed simultaneously with this Affidavit, and which Affirmation sets forth the total sum for which Judgment against me may be entered.

        3.    I hereby authorize the Judgment to be entered, upon the Order of the Dutchess County Supreme Court as provided for in the Agreement.

C&F: 2433116.4

4.      I maintain a principal place of residence at 273 Mill Road, Rhinebeck, NY 12572.

This Confession of Judgment arises out of a Stipulation of Settlement and its application

and the right to enter Judgment is based upon the terms as set forth in that Stipulation of

Judgment.

_____

GOVIND S. GILL

ACKNOWLEDGEMENT

STATE OF NEW YORK              )
                              )ss.:
COUNTY OF DUTCHESS             )

On the ___ day of September, 2014, before me, the undersigned, personally appeared
GOVIND S. GILL, personally known to me or proved to me on the basis of satisfactory evidence
to be the individual whose name is subscribed to the within instrument and acknowledged to me
that he executed same in his capacity, and that by his signature in the instrument, the individual,
or the person upon behalf of which individual acted, executed the instrument.

_____

Notary Public

O:\Guardianship\Gill\Stipulation of Settlement\8-14-14 Aff of Confession of Judgment.docx

C&P: 2433116.4

**EXHIBIT C**

# DEED OF RELEASE

This Deed of Release is made at _____ on this __ day of ___of the (Month)_____ of (Year) _____.

1.  That I, Ike S. Gill (also known as Ikebal S. Gill) had filed a civil suit bearing No. CS (OS) No. 2380 of 2010 in the High Court of Delhi seeking a declaration that the Gift Deed dated 12th March, 2010 in respect of the property situated at B-2, West End Colony, New Delhi (hereinafter referred to as "India Property") made by Mrs. Rani B Gill, in favour of Dr. Govind S. Gill is null and void.

2.  That I had also moved an Interim Application being I.A. No. 1082 of 2012, seeking an ad interim injunction to restrain Mrs. Rani B. Gill and Dr. Govind S. Gill, from seeking/ effecting registration of the Gift Deed. That purusant to order dated 18th May, 2012 passed by the Hon'ble High Court of Delhi, the Sub-Registrar – IX, Govt. of NCT of Delhi, Old Terminal Tax Building, Kapashera, New Delhi – 17 duly registered the said Gift Deed on 2nd August 2012.

3.  Various disputes arose between Dr. Govind S. Gill, Mrs. Rani B. Gill and myself. In order to settle the disputes, the said parties entered into a Stipulation of Settlement dated as of September 25, 2014, in USA (hereinafter the "Settlement Agreement").

4.  Under the Settlement Agreement, Defendant No. 1 will pay four million one hundred ($4,100,000.00US) dollars within the nine (9) month period as set forth in paragraph 8 of the Settlement Agreement, failing which the total amount owed by GOVIND S. GILL to IKEBAL S. GILL shall increase from $4,100,000.00US to $4,500,000.00US.  In the event of a default by GOVIND S. GILL of the obligations set forth herein, GOVIND S. GILL shall owe IKEBAL S. GILL the amount equal to one hundred and fifty (150%) percent of the outstanding balance due hereunder up to 6.75 Million US$. In addition, under the Settlement Agreement, Plaintiff is to receive a secured first position interest in the India

C&F: 25490094.3

Property in the amount of $6.75 Million US$, in terms of paragraph 12 of the Settlement Agreement.

5. That in full satisfaction of the terms of the Settlement Agreement, I have received full payment from Dr. Govind S. Gill. In view of the same, I hereby release my 'secured first position interest' in the India Property as per Paragraph 12 of the Settlement Agreement and state that I have no rights or secured interest in the India Property.


Ike S. Gill

Place:

Date:

C&F: 25490943

Ex. 1  000026

**EXHIBIT D**

EJ-100

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
After recording return to:
LEWIS WOLENSKY SBN 171183
SIEGEL & WOLENSKY
380 S. MELROSE DR. #209
VISTA, CA 92081-6652
TELEPHONE NO.: 760 643 4166
FAX NO. (Optional): 760 643 4188
E-MAIL ADDRESS (Optional): lwolensky@siegelwolensky.com
ATTORNEY FOR (Name): RANI GILL

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 1409 FOURTH AVE
MAILING ADDRESS:
CITY AND ZIP CODE: SAN DIEGO, CA 92101
BRANCH NAME: PROBATE

**FOR RECORDER'S OR SECRETARY OF STATE'S USE ONLY**

PLAINTIFF: In re GILL LIVING TRUST

DEFENDANT:

CASE NUMBER:
37 2008 150617 PR TR CTL

| ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT | FOR COURT USE ONLY |
|---|---|
| ☒ FULL   ☐ PARTIAL   ☐ MATURED INSTALLMENT | |

1. Satisfaction of the judgment is acknowledged as follows:
   a. ☒ Full satisfaction
      (1) ☒ Judgment is satisfied in full.
      (2) ☒ The judgment creditor has accepted payment or performance other than that specified in the judgment in full satisfaction of the judgment.
   b. ☐ Partial satisfaction
      The amount received in partial satisfaction of the judgment is $
   c. ☐ Matured installment
      All matured installments under the installment judgment have been satisfied as of (date):

2. Full name and address of judgment creditor:*
GOVIND GILL; THE GILL LIVING TRUST; TRUST A OF THE GILL LIVING TRUST; TRUST B OF THE GILL LIVING TRUST;

3. Full name and address of assignee of record, if any:

4. Full name and address of judgment debtor being fully or partially released:*
IKEBAL GILL, 1320 COLUMBIA ST. STE. 200 SAN DIEGO, CA 92101

5. a. Judgment entered on (date): MAY 19, 2011
   b. ☐ Renewal entered on (date):

6. ☒ An ☒ abstract of judgment ☐ certified copy of the judgment has been recorded as follows (complete all information for each county where recorded):

| COUNTY | DATE OF RECORDING | INSTRUMENT NUMBER |
|---|---|---|
| SAN DIEGO | 10-15-12 | 2012-630686 |
| SAN DIEGO | 10-16-12 | 2012-634099 |

7. ☐ A notice of judgment lien has been filed in the office of the Secretary of State as file number (specify):

**NOTICE TO JUDGMENT DEBTOR:** If this is an acknowledgment of full satisfaction of judgment, it will have to be recorded in each county shown in item 6 above, if any, in order to release the judgment lien, and will have to be filed in the office of the Secretary of State to terminate any judgment lien on personal property.

Date: _____

_____
(SIGNATURE OF JUDGMENT CREDITOR OR ASSIGNEE OF CREDITOR OR ATTORNEY**)

Page 1 of 1

*The names of the judgment creditor and judgment debtor must be stated as shown in any Abstract of Judgment which was recorded and is being released by this satisfaction. ** A separate notary acknowledgment must be attached for each signature.

Form Approved for Optional Use
Judicial Council of California
EJ-100 [Rev. January 1, 2005]

**ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT**

Code of Civil Procedure, §§ 724.060,
724.120, 724.250

American LegalNet, Inc.
www.FormsWorkflow.com

Ex. 1  000027

UNIFORM FORM OF CERTIFICATE OF ACKNOWLEDGMENT WITHIN STATE

State of New York       )
                        ) ss.
County of _____ )

      On the ___ day of _____ in the year ___ before me, the undersigned, a Notary Public in and for said State, personally appeared _____ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies) , and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Ex. 1  000029

## CERTIFICATE OF CONFORMITY OF ACKNOWLEDGMENT
### NYS RPL § 299-a

STATE OF

: ss.:

COUNTY OF

    The undersigned does hereby certify that he/she is an attorney-at-law duly admitted to practice in the State of New York, and is a resident of _____ in the State of _____ (or that he/she is an attorney at law duly admitted to practice in the State of _____ and residing at _____, State of        ); that he/she is a person duly qualified to make this certificate of conformity pursuant to Section 299-a of the Real Property Law of the State of New York; that he/she is fully acquainted with the laws of the State of _____ pertaining to the acknowledgment or proof of deeds of real property to be recorded therein; that the foregoing acknowledgment by _____ named in the foregoing instrument taken before _____, a notary public (or other officer ) was taken in the manner prescribed by such laws of the State of being the state in which it was taken; and that it duly conforms with such laws and is in all respects valid and effective in such state.

    Witness my signature this        day of        , 20

_____

Attorney-at-law for the State of

residing in the State of

Ex. 1  000030